**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Stancell, <br><br> Plaintiff, <br><br> vs. <br><br> Michael J. Astrue, Commissioner of Social Security, <br><br> Defendant. | No. CV 11-02545-PHX-NVW <br><br> **ORDER** |

Plaintiff Mark Stancell seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     Background**

    **A.     Factual Background**

Stancell was born in August 1964 and was 47 years old at the time of the administrative hearing. He has a high school education (GED), served in the military, and worked primarily in the restaurant business. His medical problems include a prior cervical fusion, right shoulder problems with surgery, and coronary artery problems requiring stent implantation.

### B. Procedural History

On December 21, 2009, Stancell protectively applied for disability insurance benefits and supplemental security income, alleging disability beginning April 30, 2006. He alleged disability due to neck and right shoulder conditions. On June 20, 2011, he amended his alleged onset date of disability to February 2, 2010, alleging cardiac as well as orthopedic problems. On July 5, 2011, he appeared with his attorney and testified at a hearing before the ALJ.

On July 20, 2011, the ALJ issued a decision that Stancell was not disabled within the meaning of the Social Security Act. The Appeals Council denied Stancell's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On December 22, 2011, Stancell sought review by this Court.

## II. Standard of Review

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for

drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

**III.     Issues Presented for Review**

Stancell presents the following issues for review on appeal:

1. Whether the ALJ misinterpreted evidence from Dr. Seltzer's chart notes to Stancell's detriment and implicitly rejected Dr. Seltzer's opinion without stating specific, legitimate reasons; and

2. Whether the ALJ erred by failing to find that Stancell's coronary heart disease meets the 20 C.F.R. 404 subpart P, Appendix 1 Listing 4.04(C)(1)(a) and (b).

**IV.     Analysis**

   **A.     The ALJ Did Not Err in Weighing Medical Source Evidence.**

Stancell contends that the ALJ erred by concluding, "The record does not contain an opinion from a treating source stating that the claimant is disabled." Although he concedes that the ALJ's statement is literally true, he reasons that Dr. Seltzer's chart notes from February 2010 through March 2011 indicated that he was treating Stancell with the goal of getting him back to work and therefore implied an opinion that Stancell was unable to work until he had shoulder surgery. Because he did not have the surgery until June 27, 2011, Stancell concludes that Dr. Seltzer's chart notes are evidence of an implied opinion that he was unable to work for at least 12 consecutive months. But the chart notes show only that Stancell reported that he was not working and Dr. Seltzer hoped that surgery would enable him to return to work. They do not show that Dr. Seltzer had an opinion about whether in fact Stancell was or was not able to work.

Further, the administrative hearing was held on July 5, 2011, just eight days after the shoulder surgery that Stancell contends was intended to enable him to return to work. The chart notes prior to surgery could not be evidence of an implied opinion that Stancell would not be able to perform any work after surgery and rehabilitation. Thus, the ALJ did not err by misinterpreting evidence to Stancell's detriment.

1    If Dr. Seltzer had expressed an opinion about Stancell's ability to work after
2 recovery from shoulder surgery, the ALJ would have been required to provide reasons for
3 rejecting it. Generally, more weight should be given to the opinion of a treating physician
4 than to the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th
5 Cir. 1995). Where a treating physician's opinion is not contradicted by another physician,
6 it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it
7 may not be rejected without "specific and legitimate reasons" supported by substantial
8 evidence in the record. *Id.* However, Dr. Seltzer's chart notes did not express an opinion
9 about Stancell's ability to work either before or after recovery from shoulder surgery, the
10 ALJ did not reject any opinion of Dr. Seltzer, and the ALJ was not required to specifically
11 address Dr. Seltzer's chart notes.

12    **B.    The ALJ Did Not Err by Failing to Find that Stancell's Coronary Heart Disease Meets the 20 C.F.R. 404 Subpart P, Appendix 1 Listing**
13    **4.04(C)(1)(a) and (b).**

14    In his opening brief, Stancell contended that prior to the placement of stents, which
15 occurred in December 2010, he had 90% occlusion of multiple arteries, and that occlusion
16 would meet 20 C.F.R. 404 Subpart P, Appendix 1 Listing 4.04(C)(1)(a) and (b). He
17 further contended that it is medically reasonable to assume that he satisfied that listing for
18 more than 12 months from the amended onset date, February 2, 2010. The Commissioner
19 responded that Stancell did not bear his burden of demonstrating he met the requirements
20 of Listing 4.04(C), *i.e.*, ischemic heart disease with symptoms due to myocardial
21 ischemia, while on a regimen of prescribed treatment, with coronary artery disease
22 demonstrated by angiography or other appropriate medically acceptable imaging, etc.
23 Stancell's reply brief does not address this issue at all, apparently abandoning it.

24    In any event, it is a claimant's burden to show that his impairment is one that is
25 conclusively presumed to be disabling. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5
26 (1987). Stancell has not satisfied his burden to show that his impairment meets 20 C.F.R.
27 404 Subpart P, Appendix 1 Listing 4.04(C)(1)(a) and (b), and the ALJ did not err by
28 failing to make that finding.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

DATED this 30th day of July, 2012.

_____
Neil V. Wake
United States District Judge